WILLIAM C. GREENUP, plaintiff in error, *v.* ROBERT M. PORTER *et al.*, defendants in error.

*Error to Coles.*

It is a well established rule in equity, that all persons are to be made parties to a bill, who are legally or equitably interested in the subject matter and result of the suit. But a purchaser of land under a sheriff's sale, who has received from the debtor his redemption money, and released to him his right in the land, is not a necessary party to a bill to set aside a fraudulent conveyance of the same property, to a judgment creditor, by the sheriff.

A bill in chancery alleged that the complainant's land was sold on execution, and that he was misinformed as to the date of sale, and date of expiration of his right of redemption, and did not discover the error until his right to redeem had expired, but made the discovery before the right of his judgment creditor to redeem had expired, and agreed with him to redeem, for the benefit of the complainant, for a consideration which was paid. That the sheriff, after the purchaser had been fully paid, fraudulently conveyed the premises to A, a judgment creditor, who conveyed the same, for a feigned consideration, to B, who had full knowledge of the facts. The bill made the Sheriff, A, and B, defendants, and prayed that the conveyances might be cancelled, and for general relief: *Held*, on demurrer, that the bill showed sufficient equity to entitle the complainant to relief.

THIS cause was heard in the Court below, at the September term, 1839, before the Hon. Justin Harlan.

L. TRUMBULL, for the plaintiff in error.

O. B. FICKLIN, for the defendants in error.

TREAT, Justice, delivered the opinion of the Court:

Greenup filed his bill in chancery, in the Coles Circuit Court, against Robert M. Porter, William Jeffries, and David Porter, alleging, in substance, that he was the owner of certain real estate lying in Coles county; that one Williams, having recovered a judgment against him, sued out an execution, which was levied upon said real estate, which was sold by the defendant, Jeffries, as sheriff of Coles county, on the sixth day of March, 1837, and purchased by Charles W. Nabb; that the complainant was misinformed as to the time the sale took place, and when his right to redeem would expire; that upon going to Coles county, for the purpose of redeeming the premises sold, he ascertained that more than twelve months had elapsed since the sale, but less than fifteen months; whereupon complainant entered into a contract with the defendant, Robert M. Porter, who was a judgment

Greenup *v.* Porter *et al.*

creditor of complainant, whereby Porter agreed to redeem said premises, and convey or transfer the same to the complainant, in consideration of certain things to be performed by the complainant, which the bill avers were performed. That the said Jeffries, after the purchaser, Charles W. Nabb, had been fully paid the amount by him bid for the premises, with interest, and had released to the complainant all his right and interest in the lands sold, with a full knowledge of all the facts, fraudulently conveyed said premises to the defendant Robert M. Porter, on the sixth day of June, 1838; that said Robert M. Porter, four days afterwards, for a feigned consideration, conveyed the same premises to the defendant David Porter, who had full knowledge of all the facts, and who has since entered into possession of the premises.

The bill prays that the conveyances may be set aside, and for general relief.

The defendants demurred to the bill, and assigned for causes of demurrer, that Nabb should have been made a party, and a want of equity in the bill. The Court below sustained the demurrer, and dismissed the bill at complainant's costs.

It is assigned for error, that the Court erred in sustaining the demurrer.

It is a well established rule in equity, that all persons are to be made parties, who are legally or equitably interested in the subject matter and result of the suit.

Had Nabb any such interest in the subject matter of this suit? We think he had not. The judgment as to him was fully satisfied, and, in addition, he had released to the complainant whatever interest he may have had in the premises.

On the other point, we are clearly of the opinion that the complainant shows equity on the face of his bill. The defendants, by their demurrer, admit its allegations to be true. The complainant having performed his part of the agreement, was, by its terms, entitled to a conveyance or transfer of the title from Robert M. Porter; and David Porter having received a conveyance for a feigned consideration, and with full knowledge of the fact, has no claim to protection in equity.

The judgment of the Court below is reversed with costs, and the cause remanded, with directions to permit the defendants to withdraw their demurrer, and answer the bill, &c.

*Judgment reversed.*